UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RICHARD-JAMES, INCORPORATED, | ) | Case Nos. 04-10523-RS, |
| R.J. DEVELOPMENT CORPORATION and | ) | 04-10524-RS and |
| RJ/OF, LLC, | ) | 04-10526-RS |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' OBJECTION TO MOTION OF SAFO, LLC FOR LEAVE
TO (I) AMEND OR SUPPLEMENT PROOFS OF CLAIM TO INCLUDE
INTER-DEBTOR CLAIMS, AND AUTHORITY TO PROSECUTE SUCH
INTER-DEBTOR CLAIMS; AND (II) AMEND OR SUPPLEMENT
CLAIMS OF SAFO, LLC TO INCLUDE COUNTERCLAIMS
<u>ASSERTED IN ADVERSARY PROCEEDING</u>**

Richard-James, Incorporated, R.J. Development Corporation and RJ/OF, LLC (collectively, the "Debtors") hereby object to the Motion of SAFO, LLC for Leave to (I) Amend or Supplement Proofs of Claim to Include Inter-Debtor Claims, and Authority to Prosecute Such Inter-Debtor Claims; and (II) Amend or Supplement Claims of SAFO, LLC to Include Counterclaims Asserted in Adversary Proceeding (the "Motion"). By the Motion, SAFO, LLC, a putative secured creditor of the Debtors ("SAFO"), seeks an order of this Court (i) granting SAFO leave to amend or supplement its proof of claim filed against the Debtors on October 1, 2004 (the "SAFO POC") to include certain inter-debtor claims, (ii) authorizing SAFO to prosecute such inter-debtor claims, and (iii) granting SAFO leave to amend the SAFO POC to include the counterclaims asserted by SAFO in Adversary Proceeding No. 06-1055 pending before this Court (the "Adversary Proceeding"). SAFO is not entitled to the relief sought by the Motion, because (i) SAFO does not require this Court's permission to file an amended proof of claim, (ii) the

purported inter-debtor claims identified by SAFO (the "Debtor Claims") are not claims held by SAFO and therefore could not properly be the subject of a proof of claim filed by SAFO, (iii) SAFO lacks standing to prosecute the Debtor Claims, and has failed to assert the necessary predicate for entitlement to such standing, and (iv) any counterclaims asserted by SAFO in the Adversary Proceeding will be adjudicated in the Adversary Proceeding and cannot serve as grounds for additional, affirmative relief against the Debtors, so there is no need for such counterclaims to also be the subject of a proof of claim.[1]

**SAFO Does Not Require Leave of Court to File an Amended Proof of Claim**

Nothing prohibits SAFO from filing an amended proof of claim covering whatever claims SAFO may assert.  True, the deadline for the filing of proofs of claim has passed.  But SAFO has not requested relief from the bar date, nor asserted any grounds for such relief were it properly requested.  All SAFO has requested is leave of this Court to file a document asserting an amended claim.[2]  Nothing prohibits SAFO from filing an amended proof of claim absent this Court's order.[3]  Consequently there is no purpose to be served through issuance of such an order, and no basis for the requested "relief" seeking issuance of a superfluous order.  See, e.g., Patti v. Fred Ehrlich, PC, 304 B.R. 182, 185 (E.D. Pa. 2003) (no need for superfluous order vacating judgment that was void *ab initio* as violative of automatic stay);  In re Briskey, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001) (in denying debtor's "Motion for Release of Garnishment," court noted that debtor was seeking entry of superfluous order, inasmuch as motion asked court to

---

[1] Moreover, the request for relief sought by the Motion may well be mooted by SAFO's most recent plan proposal to the Creditors' Committee.
[2] The Debtors reserve all rights to object to any amended proof(s) of claim filed by SAFO.
[3] Compare Fed. R. Civ. P. 15(a), made applicable in adversary proceedings by Fed. R. Bankr. P. 7015, which requires leave of court to amend a complaint after the filing of a responsive pleading.

order creditor to do what was already required by automatic stay); In re Mittco, Inc., 44 B.R. 35, 38 (Bankr. E.D. Wisc. 1984) (request for protective order denied as superfluous where request merely sought compliance with governing procedural rule).

**The Debtor Claims Cannot Properly Be Asserted By SAFO**

The Debtor Claims are, by definition, causes of action belonging to the Debtors' estates. As such, the Debtors (as debtors-in-possession) have complete authority to prosecute the Debtor Claims. 11 U.S.C. §§ 323, 1107. SAFO cites no legal authority for the proposition that it be permitted to file a proof of claim covering claims that, indisputably, do not belong to SAFO.[4]

**SAFO Lacks, and Cannot Be Granted, Standing to Prosecute the Debtor Claims**

As noted, only the Debtors can prosecute the Debtor Claims. It is well-settled that a cause of action belonging to a debtor's estate cannot be prosecuted by an individual creditor absent the trustee's consent, or the trustee's abandonment of the action. See, e.g., Regan v. Vinick & Young (In re Rare Coin Galleries of America, Inc.), 862 F.2d 896, 901 (1st Cir. 1988) ("The trustee steps into the shoes of the debtor for the purposes of asserting or maintaining the debtor's causes of actions, which become property of the estate."); Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004) (trustee is estate representative with sole standing to prosecute causes of action belonging to the estate); United States ex rel. Gebert v. Transp. Admin. Servs., 260 F.3d 909, 914-15 (8th Cir. 2001) (holding that causes of action pass to the estate on filing); Wieburg v. GTE Sw., Inc., 272 F.3d 302, 306 (5th Cir. 2001) (trustee has exclusive standing to assert claims that are the property of the bankruptcy estate); DiMaio Family Pizza & Luncheonette, Inc. v. Charter Oak Fire Ins. Co., 349 F.Supp.2d 128, 132 (D. Mass. 2004)

---

[4] Indeed, one might reasonably construe the Motion as a request for leave to violate 18 U.S.C. § 152(4).

3

(holding that cause of action is property of the estate and appropriate remedy for interested party is to petition court to force trustee to either initiate suit or abandon the estate's interest in the cause of action).  SAFO has not asserted that the Debtors have agreed to let SAFO prosecute the Debtor Claims.  SAFO has not asserted that the Debtors have abandoned the Debtor Claims.  Consequently, SAFO has not asserted the necessary predicate to be granted standing to prosecute the Debtor Claims.

**SAFO Should Not Be Granted Leave to Further Assert the Counterclaims**

SAFO seeks leave to amend the SAFO POC "to include the counterclaims brought by SAFO in [the Adversary Proceeding], *to the extent such claims have not already been asserted*." (emphasis added).  By definition, the counterclaims brought by SAFO in the Adversary Proceeding have been asserted—they have been asserted in the Adversary Proceeding, and will be adjudicated by this Court in that proceeding.  No legitimate purpose would be served by permitting SAFO to further assert the counterclaims in an independent action.[5]  And, as noted above, SAFO does not require leave of this Court to file an amended proof of claim in any event.

**Conclusion**

SAFO has failed to assert (much less establish) grounds for the relief requested by the Motion.  As set forth above, there is no basis for granting SAFO the relief requested by the Motion.  Consequently, the Motion must be denied.

---

[5] To the extent that the counterclaims should have been the subject of a timely filed proof of claim, SAFO cannot successfully assert them for the first time in the Adversary Proceeding.  See Browner v. Rosen, 56 B.R. 214, 216-218 (D. Mass. 1985) (sole means of asserting affirmative right to recovery from a debtor's estate based on a prepetition claim is through timely filing of a proof of claim); Branch v. F.D.I.C., 223 B.R. 605, 610 (D. Mass. 1998) (Chapter 7 trustee entitled to summary judgment dismissing defendant's counterclaims asserted in adversary proceeding commenced by trustee, on grounds that defendant's failure to assert claims through timely proof of claim barred successful assertion of claims in adversary proceeding).

Dated this 19th day of April, 2006.

        RJ/OF, LLC, RICHARD-JAMES, INC., and
        R.J. DEVELOPMENT CORP.

        By their counsel,

        /s/ Nathan R. Soucy
        A. Davis Whitesell (BBO #551462)
        Nathan R. Soucy (BBO #660914)
        COHN WHITESELL & GOLDBERG LLP
        101 Arch Street
        Boston, MA 02110
        Telephone:  (617) 951-2505
        Facsimile:  (617) 951-0679
        Email:  *whitesell@cwg11.com*

G:\data\958p\objection to SAFO for leave2

# **CERTIFICATE OF SERVICE**

I, Nathan R. Soucy, hereby certify that on April 19, 2006, I caused a copy of the foregoing Debtors' Objection to Motion of SAFO, LLC for Leave to (I) Amend or Supplement Proofs of Claim to Include Inter-Debtor Claims, and Authority to Prosecute Such Inter-Debtor Claims; and (II) Amend or Supplement Claims of SAFO, LLC to Include Counterclaims Asserted in Adversary Proceeding to be served as indicated on the list below, upon the following parties:

Daniel S. Bleck (By ECF)
Mints, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
dbleck@mintz.com
(Counsel to R.J. Sponsor, Inc.)

Eric K. Bradford (By ECF)
U. S. Trustee's Office
Thomas P. O'Neill Fed. Bldg.
10 Causeway Street, 11th floor
Boston, MA 02222
Eric.K.Bradford@USDOJ.gov

Vincent J. Canzoneri (By ECF)
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600
bctnotices@foleyhoag.com
(Counsel to Official Committee Of Unsecured Creditors)

M. Ellen Carpenter (By ECF)
Roach & Carpenter, P.C.
24 School Street
Boston, MA 02108
mec@rc-law.com
(Counsel to Wayne and Diane Richard)

Daniel J. Carragher (By ECF)
Day, Berry & Howard
260 Franklin Street
21st Floor
Boston, MA 02110
djcarragher@dbh.com
(Cousel to Alastair Carruthers and Jean Carruthers)

2

| | |
|---|---|
| eCAST Settlement Corporation<br>PO Box 35480<br>Newark, NJ 07193-5480<br>PRO SE | (By US Mail) |
| John Fitzgerald<br>Office of the US Trustee<br>10 Causeway Street<br>Boston, MA 02222<br>USTPRegion01.BO.ECF@USDOJ.GOV | (By ECF) |
| Stephen F. Gordon<br>Gordon Haley LLP<br>Counsellors at Law<br>101 Federal Street<br>Boston, MA 02110<br>sgordon@gordonhaley.com<br>(Counsel to Sol W. Balkin) | (By ECF) |
| Barbara K. Hamilton<br>Becket and Lee LLP<br>P.O. Box 3001<br>Malvern, PA 19355-0701 | (By US Mail) |
| Jennifer L. Hertz<br>Duane Morris LLP<br>470 Atlantic Avenue<br>Suite 500<br>Boston, MA 02210<br>jlhertz@duanemorris.com<br>(Counsel to SAFO, L.L.C.) | (By ECF) |
| Kenneth S. Leonetti<br>Foley Hoag LLP<br>Seaport World Trade Center West<br>155 Seaport Boulevard<br>Boston, MA 02210<br>kleonett@foleyhoag.com<br>(Official Committee Of Unsecured Creditors) | (By ECF) |
| Massachusetts Department of Revenue<br>100 Cambridge Street<br>Boston, MA 02114-9565<br>oconnorjl@dor.state.ma.us | (By US Mail) |

| | |
|---|---|
| Whitton E. Norris, III<br>David, Malm & D'Agostine, PC<br>One Boston Place<br>Boston, MA 02108<br>wnorris@davismalm.com<br>(counsel to GG&R Associates) | (By ECF) |
| Mark J. Pandiscio<br>Pandiscio and Pandiscio PC<br>470 Totten Pond Road<br>Waltham, MA 02451<br>PRO SE | (By US Mail) |
| Roger W. Rosendahl<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, New York 10011-3598<br>(Counsel to SAFO, L.L.C.) | (By US Mail) |
| Douglas B. Rosner<br>Goulston & Storrs<br>400 Atlantic Avenue<br>Boston, MA 02110-3333<br>(617) 482-1776<br>drosner@goulstonstorrs.com<br>(Counsel to Skincare Physicians of Chestnut Hill,<br>Jeffrey S. Dover, Kenneth Arndt, Michael Seth Kaminer) | (By ECF) |
| Andrew Z. Schwartz<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA 02210<br>bctnotices@foleyhoag.com<br>(Counsel to Official Committee Of Unsecured Creditors) | (By ECF) |

Dated: April 19, 2006

                                                  /s/ Nathan R. Soucy
                                                  Nathan R. Soucy (BBO #660914)
                                                  COHN WHITESELL & GOLDBERG LLP
                                                  101 Arch Street
                                                  Boston, MA 02110
                                                  Tel.: (617) 951-2505
                                                  Fax: (617) 951-0679
                                                  Email: *soucy@cwg11.com*